# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVAN A. GOSS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EVERON SOLUTIONS, LLC<br><br>　　　　　Defendant. | CIVIL COMPLAINT - COLLECTIVE AND CLASS ACTION<br><br><br>CASE NO.: _____<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>*ELECTRONICALLY FILED* |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, DONOVAN A. GOSS ("Named Plaintiff" or "Mr. Goss"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against Defendant, EVERON SOLUTIONS, LLC ("Defendant" or "Everon"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

## NATURE OF CASE

This case is brought as a collective action pursuant to the FLSA to recover overtime wages and liquidated damages and as a class action pursuant to Fed. R. Civ. P. 23 under the state laws of the Commonwealth of Pennsylvania, to wit, the PMWA and PWPCL, to recover unpaid wages, overtime wages, and other applicable penalties. Named Plaintiff and all others similarly

situated (hereinafter "Putative Class Members") are those similarly situated persons who worked for Everon, formerly known as ADT Commercial LLC, as Service Technicians ("Techs") at any time from November 19, 2021, through the final disposition of this matter ("relevant time period"), and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law. Specifically, Everon enforced a uniform company-wide policy wherein it improperly required its Techs to perform work "off-the-clock" and without pay, and improperly deducted paid time from Techs at the beginning and end of each workday. Everon's illegal company-wide policy has caused Named Plaintiff and the Putative Class Members to have hours worked that were not compensated.

Although Named Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Named Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half (1½) their regular rates for all hours worked in excess of forty (40) hours per workweek. Everon knowingly and deliberately failed to compensate Named Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period. Named Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Pennsylvania state law. Named Plaintiff and the Putative Class Members seek to recover all unpaid wages, overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages, overtime and other damages owed under the PMWA and PWPCL as a class action pursuant to Fed. R. Civ. P. 23.

Mr. Goss also brings an individual case of unlawful retaliation pursuant to the FLSA's anti-retaliation provision  as a result of Everon terminating his employment for making good faith complaints of the aforementioned FLSA violations.

## PARTIES

### A.    Named Plaintiff

1.    Mr. Goss was employed by Everon, originally called ADT Commercial LLC, from on or about January 10, 2022 through on or about October 14, 2024.  Mr. Goss did not receive compensation for all hours worked, the minimum wage for all hours worked, or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.  Mr. Goss's consent to join the collective action aspect of this lawsuit is attached to this Complaint as Exhibit A.

2.    The FLSA Collective Members are those current and former Tech employees who were employed by Everon, anywhere in the United States, at any time from November 19, 2021 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

3.    The Pennsylvania Members are those current and former hourly Tech employees who were employed by Everon, anywhere in Pennsylvania, at any time from November 19, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Named Plaintiff was paid.

### B.    Defendant

4.    Defendant Everon is a Colorado limited liability company, licensed to and doing business in the Commonwealth of Pennsylvania, with its principal place of business at Boca Center Tower II, 5100 Town Center Circle, Suite 350, Boca Raton, Florida 33486; Everon can

be served through its registered agent: CT Corporation System, 600 North 2nd Street, #401, Harrisburg, PA 17101.

## JURISDICTION AND VENUE

5.      The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions.  Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      The PMWA and PWPCL each provide for a private right of action to enforce their provisions.   This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Named Plaintiff's federal claims as to form part of the same case and controversy.

7.       This Court has general and specific personal jurisdiction over Defendant because this cause of action arose within this District as a result of Defendant's conduct within this District.

8.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b).  The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District. Further, Defendant regularly transacts substantial business within this District.

## FACTUAL ALLEGATIONS

9.      "Everon is a leading provider of integrated security, fire, and life safety solutions for enterprise-scale commercial customers across the United States."[1]

---

[1] https://www.everonsolutions.com/about/company-information/careers

10.     Mr. Goss worked for Everon as Tech employee from on or about January 10, 2022, until on or about October 14, 2024, based out of Everon's business location at 9155 Marshall Road, Cranberry Township, Butler County, Pennsylvania.

11.     As a Tech employee, Mr. Goss was provided with a company vehicle, which he used to drive to his various work assignments throughout Pennsylvania, as well as transport the required tools, parts and equipment needed to complete the Tech employees' work assignments.

12.     Mr. Goss, similar to all other Tech employees, would keep his company vehicle at his home, and begin and end each workday from his home.

13.     Although Mr. Goss used his company vehicle to travel from his home to his various appointments, he was not permitted to use his company vehicle for personal use.

14.     Throughout their employment tenure with Everon, Mr. Goss and the Putative Class Members' job duties consisted of travelling to commercial customers' business locations to perform service calls on behalf of Defendant.

15.     Mr. Goss and the Putative Class Members would perform various required work tasks each workday prior to leaving for their first assignment and after returning home from their final assignment.

16.     Mr. Goss and the Putative Class Members are non-exempt employees who were (and are) paid hourly.

17.     Mr. Goss and the Putative Class Members typically worked an average of forty-five (45) "on-the-clock" hours per week.

18.     Mr. Goss and the Putative Class Members were paid at an overtime rate of one and one-half times their regular hourly rate for all hours worked over forty (40) in a workweek.

19.    Throughout the duration of his employment, Mr. Goss was subject to unauthorized daily adjustments to his compensable work time. Specifically, Everon would deduct one half hour of pay at the beginning of each workday, and one half hour of pay at the end of each workday, effectively depriving Mr. Goss of one hour of pay each workday, which may have been compensable at Mr. Goss's regular pay rate or overtime pay rate depending on his number of hours worked a given week.

20.    Upon information and belief, Everon deducted one half hour of pay at the beginning of each workday and one half hour of pay at the end of each workday for all Putative Class Members.

21.    For periods of Mr. Goss's employment with Everon, Everon also made unauthorized deductions from Mr. Goss's compensation for time Mr. Goss spent working at home prior to leaving for his first assignments and after returning home from his last assignment. This included tasks such as responding to business related phone calls, text messages, and emails; unboxing and inspecting parts sent to Mr. Goss's home for future jobs; placing parts in the company vehicle; scanning and sending packing slips from packages to the material coordinator; ordering and receiving parts, materials, and tools through the company order procurement system (Ariba); performing monthly vehicle inspections; completing various online training modules; performing daily "pre-trip" inspections of the company vehicle; scanning and submitting receipts for reimbursement of business related expenses; cleaning and reorganizing the company vehicle; contacting the IT Department to resolve issues with company issued phones and computers; and reviewing study materials and code books for the NICET certification test.

22.     Upon information and belief, Everon made similar unauthorized deductions for all Putative Class Members.

23.     Everon engaged in a top-down wage policy, which consistently, systematically, and willfully failed to pay its Tech employees for all hours worked, including regular and overtime wages, for all hours worked.

24.     Accordingly, Everon has engaged in business practices that have violated the rights of its Tech employees as they relate to their payment/wages, resulting in unpaid labor from Named Plaintiff and the Putative Class Members each day.

25.     This lawsuit is therefore brought as (a) a collective action under the FLSA and (b) a class action under Fed. R. Civ. P. 23 for violations of the PMWA and PWPCL.

26.     During the course of his employment, Mr. Goss made numerous good faith complaints to Everon regarding Everon's failure to pay wages as required by the FLSA.

27.     On or about October 14, 2024, Everon terminated Mr. Goss's employment under the pretext that Mr. Goss was "stealing time" from Everon; however, Mr. Goss was not stealing time, he was simply seeking compensation for all hours worked, including time spent doing pre-trip and post-trip activities as described above.

28.     Everon terminated Mr. Goss in retaliation for his good faith complaints of FLSA violations, which is a violation of the FLSA.

### COUNT I

**Collective Action Alleging FLSA Violations**
**(Named Plaintiff and FLSA Collective v. Defendant)**

**A.    FLSA COVERAGE**

29.     Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

7

30.    The FLSA Collective is defined as:

**ALL HOURLY TECH EMPLOYEES WHO WERE EMPLOYED BY EVERON SOLUTIONS, LLC AND/OR ITS PREDECSSOR  ADT COMMERCIAL LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM NOVEMBER 19, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

31.    At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32.    At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33.    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

34.    During the respective periods of Named Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

35.    In performing the above-described operations, Named Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

36.     Specifically, Named Plaintiff and the FLSA Collective Members are non-exempt hourly Techs of Defendant who assisted Defendant's customers who live throughout the United States.  29 U.S.C. § 203(j).

37.     At all times hereinafter mentioned, Named Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

**B.**     **FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

38.     Defendant has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such nonexempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

39.     Moreover, Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Named Plaintiff and the FLSA Collective Members the minimum wage and the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

40.     Defendant is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

41.     Named Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay them according to the law.

42.    The decisions and practices by Defendant to not pay for all hours worked, the proper minimum wage for all hours at or below forty (40) hours in a workweek, and the proper amount of overtime for all hours worked in excess of forty (40) hours in a workweek was neither reasonable nor in good faith.

43.    Accordingly, Named Plaintiff and the FLSA Collective Members are entitled to be paid the minimum wage for all hours worked at or below forty (40) hours per workweek and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

44.    All previous paragraphs are incorporated as though fully set forth herein.

45.    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Everon's employees who have been similarly situated to Named Plaintiff with regard to the work they performed and the manner in which they have not been paid.

46.    Other similarly situated employees of Everon have been victimized by Everon's patterns, practices, and policies, which are in willful violation of the FLSA.

47.    The FLSA Collective Members are defined in Paragraph 30.

48.    Everon's failure to pay Named Plaintiff and the FLSA Collective Members for all hours worked, the minimum wage, and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Everon, and does not depend on the personal circumstances of Named Plaintiff and the FLSA Collective Members.

49.    Thus, Named Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

50.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

51.     All of the FLSA Collective Members - regardless of their specific job titles, precise job requirements, rates of pay, or job locations - are entitled to be paid for all hours worked, the minimum wage for all hours worked at or below forty (40) hours per workweek, and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

52.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

53.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its rampant violations.

54.     Moreover, individual litigation would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

55.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 30 and notice should be promptly sent.

**D.     PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Named Plaintiff, Donovan A. Goss, on behalf of himself and the FLSA Collective, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Everon Solutions, LLC, as follows:

A.     Designate this action as a collective action and class action on behalf of the proposed FLSA Collective and

    a.     Promptly issue notice pursuant to 29 U.S.C § 216(b) to all FLSA Collective Members, which (a) apprises them of the pendency of this action, and (b) permits

them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

    b.   Toll the statute of limitations on the FLSA Collective Members claims from the date the original complaint was filed until the FLSA Collective Members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.    Designate Named Plaintiff as representative of the FLSA Collective;

C.    Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.    Award back pay to Named Plaintiff and the FLSA Collective Members, including a sum to compensate Named Plaintiff and the FLSA Collective Members for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the FLSA Collective Members in the maximum amount available under the FLSA;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiffs and the FLSA Collective Members;

H.    Award Named Plaintiff and the members of the FLSA Collective Members pre-judgment and post-judgment interest available under the FLSA;

I.    Award Named Plaintiff and the FLSA Collective Members any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## COUNT II

**Class Action Alleging Violations of the PMWA**
**(Named Plaintiff and Pennsylvania Class v. Defendant)**

### A.    PMWA COVERAGE

56.    Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

57.    The Pennsylvania Class is defined as:

**ALL HOURLY BY EVERON SOLUTIONS, LLC AND/OR ITS PREDECSSOR ADT COMMERCIAL LLC, ANYWHERE IN PENNSYLVANIA, AT ANY TIME FROM NOVEMBER 19, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Pennsylvania Class" or "Pennsylvania Class Members").**

58.    At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the PMWA.  See 43 Pa.C.S. § 333.103(g).

59.    At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have been "employees" within the meaning of the PMWA.  See 43 Pa.C.S. § 333.103(h).

60.    Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the PMWA and were not exempt from the protections of the PMWA. See 43 Pa.C.S. §  333.105

61.    Defendant is not exempt from the wage provisions of the PMWA, including paying an overtime premium for hours worked over forty (40) per week.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA**

62.    All previous paragraphs are incorporated as though fully set forth herein.

63.    The PMWA requires that employees, including Named Plaintiff and the Pennsylvania Class Members, receive compensation for all hours worked at a rate that is no less than the rates described in the PMWA.  See 43 Pa.C.S. § 333.104.

64.    The PMWA also requires that employees, including Named Plaintiff and the Pennsylvania Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.  See 43 Pa.C.S. § 333.104(c).

65.    Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the PMWA.

66.    Defendant is an employer covered by the requirements set forth in the PMWA.

67.    Named Plaintiff and the Pennsylvania Class Members are not exempt from receiving the minimum wage or overtime benefits under the PMWA.

68.    Named Plaintiff and the Pennsylvania Class Members worked for Defendant but were not paid the applicable wage for all hours worked at or below forty (40) hours in a workweek.

69.    Named Plaintiff and the Pennsylvania Class Members worked more than forty (40) hours in workweeks during the relevant time period applicable to this case, however, Defendant violated the PMWA by failing to pay them their hourly wage for all hours worked.

70.    Named Plaintiff and the Pennsylvania Class Members were not paid the correct compensation for all hours worked and were not paid the correct amount of overtime compensation for all hours worked, or for all hours worked over forty (40) per week.

71.    The total amount of compensation due to Named Plaintiff and the Pennsylvania Class Members by Defendant constitutes wages pursuant to the PMWA, and failure to pay the amount due constitutes a violation of the PMWA.  See 43 Pa.C.S. § 333.103(d).

72.    Defendant further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

73.     Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

74.     Named Plaintiff and the Pennsylvania Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Named Plaintiff and the Pennsylvania Class Members would be able to precisely calculate damages.

75.     In violating the PMWA, Defendant acted willfully, without a good faith basis, and with reckless disregard of applicable Pennsylvania wage and hour laws.

76.     Defendant is liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees.

77.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 57.

78.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

C.     **PMWA CLASS ALLEGATIONS**

79.     All previous paragraphs are incorporated as though fully set forth herein.

80.     Named Plaintiff and the Pennsylvania Class Members bring their PMWA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendant to work in Pennsylvania since November 19, 2021.

81.    Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

82.    The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

83.    Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

84.    Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

85.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

86.    Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 57.

**D.    <u>PRAYER FOR RELIEF ON COUNT II</u>**

WHEREFORE, Named Plaintiff, Donovan A. Goss, on behalf of himself and the Pennsylvania Class, respectfully request that this Honorable Court enter Judgment in his favor and against Defendant, Everon Solutions, LLC, as follows:

A.    Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B.    Designate Named Plaintiff as representative of the Pennsylvania Class;

C.      Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.      Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E.      Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

G.      Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PMWA;

H.      Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

I.      Award any additional relief that this Court deems just and proper.

## COUNT III

**Class Action Alleging Violations of the PWPCL**
**(Named Plaintiff and Pennsylvania Class v. Defendant)**

**A.      PWPCL COVERAGE**

87.     Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

88.     The Pennsylvania Class is defined in Paragraph 57.

89.     At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the PWPCL.  See 43 Pa.C.S. § 260.2a

90.     At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have earned wages within the meaning of the PWPCL.  *Id.*

91.     Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the

PWPCL and were not exempt from the protections of the PWPCL.  See 43 Pa.C.S. § 260.1, *et seq*.

**B.**    **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PWPCL**

92.    All previous paragraphs are incorporated as though fully set forth herein.

93.    Named Plaintiff and members of the State Class are entitled to be paid wages for all hours worked, including one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA and PMWA.  The failure to pay said wages constitutes a violation of Section 215(a)(2) of the FLSA and Section 333.104(c) of the PMWA.

94.    Defendant have failed to pay Named Plaintiff and the Pennsylvania Class Members all of their wages, including one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Defendant has, therefore, failed to regularly pay Named Plaintiff and the Pennsylvania Class Members for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

95.    Accordingly, wages, including wages in the form of overtime pay, are due and owing to Named Plaintiff and the Pennsylvania Class Members pursuant to Section 260.3(a) of the PWPCL.

96.    Defendant further violated the PWPCL through their failure to pay the Named Plaintiff and the Pennsylvania Class Members all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

97.    Defendant further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of perpetrating these unlawful

practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

98.    The total amount due to Named Plaintiff and the Pennsylvania Class Members by Defendant constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

99.    In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff and the Pennsylvania Class Members are entitled to liquidated damages in an amount equal to the greater of twenty-five percent (25%) of the wages due or $500, in addition to all wages due.

100.    In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiff and the Pennsylvania Class Members are entitled to reasonable attorneys' fees associated with this action.

101.    The wages withheld from Named Plaintiff and the Pennsylvania Class Members were not the result of any bona fide dispute.

102.    Named Plaintiff and the Pennsylvania Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

103.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PWPCL, is defined in Paragraph 57.

104.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

C.    **PWPCL CLASS ALLEGATIONS**

105.    All previous paragraphs are incorporated as though fully set forth herein.

106.    Named Plaintiff and the Pennsylvania Class Members bring their PWPCL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendant to work in Pennsylvania since November 19, 2021.

107.    Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

108.    The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

109.    Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

110.    Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

111.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

112.    Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 57.

**D.**    **PRAYER FOR RELIEF ON COUNT III**

WHEREFORE, Named Plaintiff, Donovan A. Goss, on behalf of himself and the Pennsylvania Class, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Everon Solutions, LLC, as follows:

A.    Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B.    Designate Named Plaintiff as representative of the Pennsylvania Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E.    Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the Pennsylvania Class Members in the maximum amount available under the PWPCL;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

H.    Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PWPCL;

I.    Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## COUNT IV
### (INVIDUAL CLAIM)

### RETALIATION IN VIOLATION OF 29 U.S.C § 215(a)(3)
#### (Asserted by Plaintiff Goss Against Defendant)

115.    All previous paragraphs are incorporated as though fully set forth herein.

116.    In retaliation for Mr. Goss raising concerns regarding Everon's violations of the FLSA, Everon terminated Mr. Goss.

117.    Everon's termination of Mr. Goss after he complained to his managers about Everon's failure to pay workers properly in accordance with the FLSA constituted a willful violation of the anti-retaliation provision of Section 215(a)(3) of the FLSA.

## PRAYER FOR RELIEF ON COUNT IV

WHEREFORE, Named Plaintiff, Donovan A. Goss, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Everon Solutions, LLC, as follows:

A.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein constitute retaliation in violation of the Section 215(a)(3) of the FLSA;

B.    Award back pay to Named Plaintiff, including a sum to compensate Named Plaintiff for any increased tax liability on a lump-sum award of back pay;

C.    Award Named Plaintiff compensatory damages, including emotional pain and suffering, available under the FLSA;

D.    Award Named Plaintiff liquidated damages in the maximum amount available under the FLSA;

E.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiffs and the FLSA Collective Members;

F.    Award Named Plaintiff pre-judgment and post-judgment interest available under the FLSA;

G.    Award Named Plaintiff any other appropriate equitable relief; and

H.    Award any additional relief that this Court deems just and proper.

## JURY DEMAND

Named Plaintiff and all members of the FLSA Collective and Pennsylvania Classes demand a trial by jury on all issues triable to a jury as a matter of right.


Dated: <u>November 19,  2024</u>                                Respectfully submitted,

                                                                                **WEISBERG CUMMINGS, P.C.**

                                                                                <u>*/s/ Larry A. Weisberg*        </u>
                                                                                Larry A. Weisberg (PA 83410)
                                                                                lweisberg@weisbergcummings.com

                                                                                2704 Commerce Drive, Suite B
                                                                                Harrisburg, PA 17110-9380
                                                                                Tel.: (717) 238-5707
                                                                                Fax: (717) 233-8133

                                                                                *Counsel for Plaintiff*